UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carlos H., | No. 26-414 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| Noem, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner Carlos H.'s Petition for a Writ of Habeas Corpus.[1] For the reasons set forth below, the Court grants Carlos H.'s habeas petition and orders his immediate release.

**Background**

Petitioner Carlos H. is a citizen of El Salvador who has lived in the United States since 2013. [ECF 1.[2]] He entered the United States without inspection in 2013 and, prior to his arrest two weeks ago, had not been encountered by Respondents. Petitioner does not appear to have any criminal history that would trigger mandatory detention pursuant to 8 U.S.C. § 1226(c), but he asserts that he has a previous DUI conviction. Petitioner was arrested on January 5, 2026, by ICE agents acting as part of Operation Metro Surge.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). He was not arrested pursuant to an administrative warrant, nor a judicial one, and Respondents do not point to any other basis for his detention. The Court

---

[1] In keeping with this District's policy in immigration cases, the Court identifies Petitioner by his first name and last initials or refers to him as "Petitioner."

[2] The facts in this Background section are taken from the Petition. [ECF 1.] Respondents do not dispute any of the factual or procedural history set forth in the Petition, so the Court accepts it as true for the purposes of its analysis.

finds that, as a matter of law, Carlos H. cannot be held under 8 U.S.C. § 1225(b)(2) and therefore orders his release.

## Analysis[3]

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district. Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Carlos H. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

---

[3] Petitioner argues that he is part of the class described in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (Order (Dkt. 93), C.D. Cal. Dec. 18, 2025), and that alone requires his release. Respondents argue that he is not entitled to relief as a member of that class because that decision has no effect outside of the district in which it was issued, and because it is being appealed. The Court need not resolve this issue because it finds that Petitioner's detention is unlawful for the same reasons that motivated the court in *Maldonado Bautista*, regardless of the scope of the class-wise relief ordered there.

**Propriety of Immediate Release**

Petitioner Carlos H. alleges that he should be immediately released, having been denied a bond hearing by Respondents just yesterday. [ECF 7.] The Court concludes that immediate release is appropriate in this case. The statute upon which Respondents are relying to justify his detention does not apply. Moreover, even if they invoked § 1226(a) as an alternative basis for detention pending a second bond hearing, they have not followed the requirements of that provision. The government has not claimed to have a "warrant issued by the Attorney General" supporting Carlos H.'s recent arrest, nor has the government produced one to the Court. This is so despite the Court asking Respondents to produce a warrant and address this issue in the Order to Show Cause. [ECF 4, ¶ 2e.]

As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases. Immediate release is required.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Carlos H. Because the Court previously ordered Carlos H. to be returned to the District if he had been moved, the Court assumes that he will be promptly released in Minnesota.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner was removed from the District and has not been returned as previously ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 21, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge